IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

TRACY ANDERSON,

                     Plaintiff,                          OPINION & ORDER

    v.

                                                 13-cv-561-wmc

CAPT. OLSON, SGT. DAHLKE
and OFFICER LEVEY,

                     Defendants.
───────────────────────────────────────────────

In this civil action, plaintiff Tracy Anderson was allowed to proceed on claims that his First and Fourteenth Amendment rights were violated when the defendants took and disposed of his Holy Qur'an. This is Anderson's third motion for summary judgment. (Dkt. ##7, 18.) The court denied the first motion without prejudice because Anderson's complaint had not yet been screened pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A. (Dkt. #9.) The second was also denied without prejudice because Anderson failed to comply with this court's summary judgment procedure by submitting proposed findings of fact. (Dkt. #19.)

As noted in the court's previous order, the court is entitled to require strict compliance with its local rules governing summary judgment. *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000). This time, Anderson has submitted proposed findings of fact, but they still do not comply with the court's procedures. Specifically, each fact "must be proposed in a separate, numbered paragraph, limited as nearly as possible to a *single factual proposition*." (Procedure to Be Followed on Mots. for Summ. J. (dkt. #17) ECF 18 (emphasis added).) Anderson's proposed findings contain *multiple* factual propositions: proposed finding of fact 6, for example, is nearly a page long,

includes several discrete factual propositions and fails to cite to admissible evidence in support of many of those propositions. Nor did Anderson follow the court's explicit admonition in its order denying his second motion to authenticate the exhibits supporting his motion for summary judgment by attaching them to an affidavit in which someone with personal knowledge of those exhibits declares under penalty of perjury that they are true and correct copies of the documents they appear to be. Finally, his brief in support, rather than containing legal argument, consists almost entirely of word-for-word reproductions of this court's order denying his previous motion for reconsideration and defendants' answer to Anderson's complaint, as well as a restatement of facts, including facts relating to a defendant against whom he has no claim. (*See* Mot. Summ. J. (dkt. #21).)

Because the dispositive motion deadline is still approximately two months away, the court will give Anderson one final opportunity to file a motion for summary judgment that complies with the court's rules. He should pay careful attention to the court's procedures to be followed on motions for summary judgment and in particular to the portions discussing (1) the rules governing proposed findings of fact; and (2) the requirement that exhibits on which a defendant intends to rely be authenticated. The motion filed on October 10, 2014 (dkt. #21) is denied without prejudice.

Given his repeated, failed attempts to comply with the court's orders, Anderson should also consider soliciting counsel to assist him. His previous motion for counsel failed to comply with the court's threshold requirement that he submit the names and addresses of three attorneys who have declined to represent him in bringing the claims allowed to proceed in this case. If he can demonstrate to the court that he has now complied with that requirement, the court would consider locating a volunteer willing to take his case *pro bono*.

2

ORDER

IT IS ORDERED that plaintiff Tracy Anderson's motion for summary judgment (dkt. #21) is DENIED without prejudice.

Entered this 14th day of October, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge